UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILBERT PIERRE,

                Petitioner,

-vs-                                                      Case No. 6:11-cv-1938-Orl-19GJK

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

                Respondents.
_____

## ORDER

This case is before the Court on the following matters:

1.      Petitioner has filed a Petition for Emergency Stay of Deportation (Doc. No. 18). The Court notes that Petitioner initiated this action by filing an Emergency Petition for Writ of Habeas Corpus (Doc. No. 1, filed December 5, 2011) and that Petitioner requested habeas corpus relief under 28 U.S.C. section 2254. The Court did not treat the petition as an emergency, noting that Petitioner provided no specifics whatsoever as to the nature and status of his deportation proceedings. Respondents were directed to file a response to the petition, and they did so on February 27, 2012 (Doc. No. 16). Respondents alleged that Petitioner was not entitled to relief because his petition was untimely.

        The Court determines that Petitioner's request for an emergency stay of deportation must be denied. Petitioner again fails to indicate where the deportation proceedings are pending, whether an order of removal has been entered, the outcome of appeals, if any,

and the basis of this Court's jurisdiction to enter a stay of deportation in those proceedings. The Court again notes that Petitioner previously filed a section 2254 petition challenging the same conviction in this Court on June 9, 2008, in case number 6:08-cv-921-18KRS, which was dismissed without prejudice.  In that case, Petitioner also claimed that his deportation was "eminent"; however, it does not appear that his allegation as to the imminence of his deportation in case number 6:08-cv-921-18KRS was correct since, more than three years later, he remains in the United States.  In the absence of more specific allegations, the Court will not treat this matter as a true emergency.  Consequently, Petition for Emergency Stay of Deportation (Doc. No. 18) is **DENIED**.

    2.    As noted above, Respondents filed a Response (Doc. No. 16) in which they incorporate a request to dismiss the Petition.  Petitioner will be provided with an opportunity to file a reply to the Response.

Petitioner should not depend upon the mere allegations in his pleadings to counter the Response. Petitioner should respond with counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact in dispute. If Petitioner fails to respond to the Response or if his response does not demonstrate that there is a genuine issue of material fact, the Court may declare that the facts in the affidavits and/or documents supporting the Response are established as true and that there is no genuine issue of material fact in dispute.  In that event, if the applicable law allows, Respondents will be entitled to have the case dismissed and final judgment entered

in their favor based upon the pleadings, affidavits, and other documentation. In that event, there will be no evidentiary hearing, and the case will be terminated in this Court.

Petitioner shall have **TWENTY-ONE (21) DAYS** from the date of this order to reply to the Response. Thereafter, the Response will be taken under advisement by the Court and an order entered thereon without further notice.

3. Within ten (10) days from the date of this Order, Respondents shall file the appendix that is referenced in the response.

**DONE AND ORDERED** in Orlando, Florida this ___1st____ day of March, 2012.

*Patricia C. Fawsett*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
OrlP-2 12/5
Wilbert Pierre
Counsel of Record